# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BENJAMIN D. BUENAVENTURA, JR., et al.,

        Plaintiff(s),

v.

VINH CHAU, et al.,

        Defendant(s).

2:12-CV-1402 JCM (VCF)

**ORDER**

Presently before the court are the following motions by defendant Western United Insurance Company ("AAA"): motion to dismiss (doc. # 5); motion to strike (doc. # 6); motion to dismiss (doc. # 7); motion for summary judgment (doc. # 8); motion for summary judgment (doc. # 9); motion for summary judgment (doc. # 10); and motion for sanctions (doc. # 14).[1] Plaintiffs filed a single response to the motions (doc. # 30), and AAA filed a reply (doc. # 33).

Also before the court is plaintiffs' motion to remand. (Doc. # 17). AAA filed a response (doc. # 31), and plaintiffs elected not to file a reply.

. . .

. . .

---

[1] AAA filed piecemeal responses to the complaint. Each of AAA's substantive motions addresses only a single cause of action in the complaint instead of filing a single motion addressing all issues. Further, the motions to dismiss argue for summary judgment in the alternative. Likewise, each summary judgment motion argues failure to state a claim in the alternative.

**James C. Mahan**
**U.S. District Judge**

**I.     Background**

Before any of the instant motions were ripe for this court's consideration, defendant Vinh Chau filed a notice of bankruptcy. (Doc. # 22). Thus, this action is subject to an automatic stay. However, co-defendant AAA argues this court should rule on the claims that plaintiffs have alleged against them even though co-defendant Chau is a debtor in a bankruptcy proceeding. For the reasons articulated in sections II and III *infra*, the court cannot decide these claims at this time.

In November 2006, defendant Vinh Chau and Benjamin Buenaventura were in a car accident. (Doc. # 1, Ex A, Amended Compl. at ¶ 18). Mr. Buenaventura died from his injuries a few days later. (*Id.* at ¶ 19). Plaintiffs in this case are the wife, children and estate of Mr. Buenaventura. (*Id.* at ¶ 21). The facts underlying this lawsuit have already been litigated in a Nevada state court and there was a related action in this federal district. Both actions are complete and final. Nevertheless, plaintiffs filed another action in state court, which AAA removed to this court. (*See id.*).

Plaintiffs filed the instant lawsuit against Vinh Chau, Lang Chau, and AAA. Plaintiffs filed the following five causes of action: (1) renewal of judgment; (2) immediate tender of insurance proceeds; (3) judicial assignment of first party claims; (4) relief from declaratory judgment; (5) insurance claims practices contrary to public policy and not in good faith. (*See id.*). About one month after the filing of the complaint, defendant Chau filed a notice of bankruptcy creating a stay of this action. (Doc. # 22).

AAA's defense thus far has been nothing if not aggressive. AAA filed a separate motion to dismiss or motion for summary judgment for each of the five causes of action as well as a motion for sanctions.

This court takes judicial notice of certain judicial findings in both the state and federal court. In state court, plaintiffs were ultimately successful in their lawsuit against the Chaus for negligence. (*See* doc. # 1, Amended Compl., at ¶¶ 31-32).

In the prior federal suit, AAA filed suit for declaratory judgment, among other things, against

**James C. Mahan**
**U.S. District Judge**

- 2 -

the Chaus.[2]  AAA sought to have the court determine whether it breached its duty to settle and whether it acted in bad faith by failing to settle under the Chaus' policy limits.  When considering whether AAA breached its duty to settle, Judge Navarro held "[t]he answer is clearly no." *AAA Nevada Ins. Co. v. Chau*, 808 F.Supp.2d 1282, 1287 (D. Nev. 2010).  Judge Navarro further held that "[a]s a matter of law, Plaintiff's actions did not amount to bad faith." *Id.*

Nevertheless, it appears that the state court judge may have assigned to the plaintiffs the Chaus' claims, if there are any, against AAA.  The state court judge did this even though Judge Navarro issued an injunction prohibiting plaintiffs from seeking certain relief or asserting certain claims in state court.  *See AAA Nevada Insurance Co. v. Vinh Chau*, No. 2:08-cv-827, 2012 WL 3516510 (D. Nev. Aug. 14, 2012).

Finally, plaintiffs are attempting to remand this action back to state court.  Plaintiffs are all Nevada residents.  The Chaus are likewise domiciled in Nevada.  AAA does not have its principal place of business in Nevada nor is it incorporated in Nevada.  AAA argues that the Chaus are sham defendants because plaintiffs have already obtained a judgment against the Chaus in state court. The Chaus, if correctly part of this action, would destroy diversity jurisdiction.

## II.   Bankruptcy Stay

"When a debtor files a bankruptcy petition, an automatic stay immediately arises." *Hillis Motors, Inc., v. Hawaii Auto Dealers Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) (citing 11 U.S.C. section 362(a)).  "The scope of the stay is quite broad.  It is designed to effect an immediate freeze of the *status quo. . . ." Id.* (alteration in original).

"Congress intended to give debtors a breathing spell from their creditors and to stop all collection efforts, all harassment, and all foreclosure actions." *Delpit v. C.I.R.*, 18 F.3d 768, 771 (9t

---

[2] The court takes judicial notice of Judge Navarro's order, *AAA Nevada Ins. v. Vinh Chau*, 808 F.Supp.2d 1282 (D. Nev. 2010). *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute."); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record.'").

James C. Mahan
U.S. District Judge

- 3 -

1  Cir. 1994) (citing legislative history). "The automatic stay allows debtors, during the period of the
2  stay, to be relieved of the financial pressures that drove them into bankruptcy." *Id.* (internal citations
3  and quotations omitted). "Accordingly, section 362 is extremely broad in scope and should apply
4  to almost any type of formal or informal action against the debtor or the property of the estate." *Id.*

5  AAA admits that this court cannot rule on plaintiff's motion to remand because of the
6  bankruptcy stay. (Doc. # 33, at 5 n. 9 ("The only pending motion that effects the Chaus is Plaintiff's
7  Motion to Remand and Defendant's corresponding Opposition, and therefore a decision as to this
8  issue is stayed by the Chaus' bankruptcy.")). The decision on whether the Chaus are, in fact, sham
9  defendants cannot be decided at this time because of the bankruptcy stay.

10  To determine whether the Chaus are sham defendants would require this court to go into the
11  merits of the claims against the Chaus, which is forbidden by the broad stay of bankruptcy petition.
12  *See generally, Zvafler v. Casey*, no. 10-cv-1147, 2010 WL 5247895, at *1 (S.D. Cal. Dec. 16, 2010)
13  (denying without prejudice two motions for remand because of the resulting bankruptcy stay when
14  the defendant filed for bankruptcy).

15  If the Chaus are properly part of this action, something this court cannot decide until the
16  appropriate lifting of the bankruptcy stay, this court lacks jurisdiction over the action because the
17  Chaus would destroy diversity jurisdiction.[3] This court cannot go to the merits of plaintiffs' claims
18  against AAA because this court may not have jurisdiction to hear them. To date, no clarification of
19  the stay has been received so this court cannot act.

20  **III.   Federal Question Jurisdiction**

21  Alternatively, AAA argues that this court has federal question jurisdiction. As the basis for
22  federal question jurisdiction, AAA argues this court has jurisdiction under either the Declaratory
23  Judgment Act or the Anti-Injunction Act.

24  . . .

25  . . .

---

27  [3] Both parties agree that the prior federal case and prior state case are both stayed by the
28  bankruptcy.

*A.     Declaratory Judgment Act*

Judge Navarro already granted declaratory relief in favor of AAA against the Chaus in a prior federal suit. Judge Navarro held that AAA acted in good faith in its representation of the Chaus. Therefore, at the time of Judge Navarro's order, the Chaus had no claims to assign to the plaintiffs for bad faith representation against AAA.

Defendant AAA argues that federal question jurisdiction exists because AAA seeks affirmative relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and to enforce the judgment of Judge Navarro. However, an affirmative defense or a defendant seeking relief because of a prior court order–issue or claim preclusion–does not confer federal question jurisdiction. This is well established law.

The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-74 (1950). It only permits the district court to adopt a specific remedy when jurisdiction exists. *Id.* at 671; *see also Fiedler v. Clark*, 714 F.2d 77 (9th Cir. 1983). This court does not have federal question jurisdiction based on AAA's assertions that it is entitled to relief under the Declaratory Judgment Act.

The court must look to the actual causes of actions alleged in the complaint. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *ARCO Envtl. Remediation, L.L.C., v. Dep't of Health and Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar v. Williams*, 482 U.S. 386, 395 (1987)). "A case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.*; *see also Louisville & Nashville RR Co. v. Mottley*, 211 U.S. 149 (1908).

Where the claims in the complaint are at least facially based on state law, "a claim may still arise under federal law if (1) federal law completely preempts the state law, (2) the claims are necessarily federal in nature, or (3) some substantial, disputed question of federal law is a necessary

element of one of the plaintiff's well-pleaded state claims." *Wagner v. Chevron Oil Co.*, 321 F.Supp.2d 1195, 1202 (D. Nev. 2004) (citing *ARCO*, 213 F.3d at 1114).

Plaintiffs causes of action are entirely state claims, if even valid state law claims. To the extent that AAA argues that the state law claims are really based on federal law the court disagrees because (1) none of the causes of action are completely preempted by federal law, (2) the claims in the complaint are not necessarily federal in nature, and (3) no substantial, disputed question of federal law is a necessary element of any of plaintiff's state claims.

AAA does not even argue that one of the three exceptions apply. What AAA really attempts to argue is that this court has independent federal question jurisdiction because of relief provided by the declaratory judgment of a prior federal action. However, the Supreme Court has already addressed the issue of whether an affirmative defense secures federal question jurisdiction. In *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998), the court stated:

> "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . . A case blocked by the claim preclusive effect of a prior federal judgment differs from the standard case governed by a completely preemptive federal statute in this critical respect: The prior federal judgment does not transform the plaintiff's state-law claims into federal claims but rather extinguishes them altogether. . . . Under the well-pleaded complaint rule, preclusion thus remains a defensive plea involving no recasting of the plaintiff's complaint, and is therefore not a proper basis for removal."

*Id.* at 476-77 (internal citations and quotations omitted). This court does not have federal question jurisdiction because defendant AAA believes it has an affirmative defense of claim or issue preclusion due to Judge Navarro's prior order.

B.   *Anti-Injunction Act*

Finally, AAA argues that this court has jurisdiction under the Anti-Injunction Act because Judge Navarro issued an injunction against the state court. "The Anti-Injunction Act is not a jurisdictional statute, however. It merely limits the power of federal courts, in cases properly before them, to enjoin state court proceedings." *Gamble v. General Foods Corp.*, 846 F.2d 51, 52 (9th Cir. 1988).

1    This court, if it has jurisdiction at all, must have jurisdiction under diversity jurisdiction only.
2 However, as both parties admit, this court cannot rule on the motion to remand or whether the Chau
3 defendants are a sham defendants because of the bankruptcy stay.  Therefore, this court cannot go
4 to the merits of AAA's motions to dismiss or summary judgment motions because, at this stage, the
5 court may not have jurisdiction over the action.  Therefore, all of the motions are denied without
6 prejudice and may be refiled after clarification from the bankruptcy proceedings.

7    Accordingly,

8    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motions to
9 dismiss (docs. ## 5 & 7) be, and the same hereby, are DENIED without prejudice.

10    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motions for
11 summary judgement (docs. ## 8-10) be, and the same hereby, are DENIED without prejudice.

12    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion to
13 strike (doc. # 6) be, and the same hereby, is DENIED without prejudice.

14    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's motion for
15 sanctions (doc. # 14) be, and the same hereby, is DENIED without prejudice.

16    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
17 remand to state court (doc. # 17) be, and the same hereby, is DENIED without prejudice.

18    DATED January 23, 2013

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**